**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FOLA SOARES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BEKINS VAN LINES, CO., et al.,<br><br>　　　　　　Defendants. | Civil Action No. 15-4242 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on Defendant Bekins Van Lines, Inc.'s ("Bekins")[1] motion to dismiss pro se Plaintiff Fola Soares's ("Soares") Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) Soares opposed the motion (ECF No. 7), and Bekins replied (ECF No. 8). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Bekins's motion to dismiss is granted in part and denied in part.

**I.　Background**

　　This action arises out of the loss and damage of Soares's goods during their transportation across state lines by Bekins. In her Complaint, Soares alleges that she is an individual shipper and that Bekins is a household goods motor carrier. (Compl. ¶¶ 4-5, ECF No. 1.) As alleged, on May 9, 2014, Soares contracted with Bekins to ship one hundred forty-nine household goods across

---

[1] Improperly pled as Bekins Van Lines, Co.

state lines to 272 Ward Avenue, Bordentown, New Jersey. (*Id.* ¶¶ 7-8.) On November 12, 2014, Soares alleges that only one hundred thirty-eight items arrived in Bordentown and twelve of the items that did arrive were damaged. (*Id.* ¶¶ 8-9.) Soares claims damages in the amount of $18,575.99 for the lost goods and $6,413.98 for the damaged goods. (*Id.* ¶¶ 10-11.)

On June 23, 2015, Soares filed a two-count Complaint with this Court. (*See generally* Compl.) The heading for Count One in Soares's Complaint states:

> FIRST CAUSE OF ACTION
> Breach of Contract, Negligent, Misrepresentation, Tortious, Malicious

(Compl. 3.) In Count One, Soares goes on to state that "[t]his action constitutes Breach of Contract, Negligent, Misrepresentation and Malicious contrary to United States Department of Transportation (USDOT) regulations on interstate commerce, Title 49 (49 U.S.C.)" (*Id.* ¶ 28.) The heading for Count Two states:

> SECOND CAUSE OF ACTION
> Loss and Damage Household Goods and Personal Belongings

(Compl. 4.) In Count Two, Soares states that "Defendants continue to deprive Plaintiff use of HHG due to loss and damage." (*Id.* ¶ 42.)

## II.     **Legal Standard**

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Additionally, in determining the sufficiency of a pro se complaint, the court must be mindful to accept its factual allegations as true and to construe it

liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). The "[c]ourt need not, however, credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. Analysis

Bekins argues that Soares's Complaint should be dismissed as Soares only brings state law claims which are preempted by the Carmack Amendment.[2] In opposition, Soares argues that she did not file her Complaint based on state laws, whether California or New Jersey.

The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706, created a "nationally uniform policy governing interstate carriers' liability for property loss." *New York, N. H. & H. R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953). "To establish a prima facie case against

---

[2] Additionally, Bekins does not object to Soares amending her Complaint to assert a Carmack Amendment claim. (Def.'s Reply Br. 2, ECF No. 8.)

3

a common carrier under the Carmack Amendment . . . , a plaintiff must prove the following three elements: (1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of damages." *Beta Spawn, Inc. v. FFE Transp. Servs., Inc.*, 250 F.3d 218, 223 (3d Cir. 2001) (internal quotation marks omitted).

In *Certain Underwriters at Interest at Lloyds of London v. United Parcel Service of America, Inc.*, the Third Circuit addressed the broad preemptive scope of the Carmack Amendment. 762 F.3d 332, 336-37 (3d Cir. 2014). In *Certain Underwriters*, an insurer brought state law claims against the United Parcel Service of America ("UPS") to recover damages for property that was lost or stolen while in transit. *Id.* at 336. The claims alleged by the insurer included breach of contract, negligence, and negligent supervision of employees. *Id.* at 333. Finding that all of the claims were preempted by the Carmack Amendment and that plaintiff had not pled a violation of the Carmack Amendment, the district court dismissed the insurer's complaint for failure to state a claim. *Id.* at 333-34. Affirming this decision, the Third Circuit "reaffirm[ed]" its holding that "state law breach of contract and negligence claims against a carrier for loss of or damages to goods are preempted." *Id.* at 336.

Here, Soares is proceeding pro se and the Court must construe the Complaint liberally in favor of her. Based on the facts alleged in the Complaint, the Complaint sets forth sufficient allegations to construe her claims as a single claim against Bekins under the Carmack Amendment. While Soares does use the legal terms associated with state law claims, she also cites to Title 49, the title in which the Carmack Amendment is contained. Accordingly, the Court construes Count One of Soares's Complaint as a claim against Bekins under the Carmack Amendment. Additionally, the Court dismisses Count Two and any state law claims Soares may have pled in her Complaint with prejudice.

## IV. Conclusion

For the reasons set forth above, Bekins's motion to dismiss is granted in part and denied in part. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: March 1, 2016